[Cite as *State v. Bettis*, 2016-Ohio-4615.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 15-CAA-10-0088 |
| CHRISTINA BETTIS | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Delaware County
                             Court of Common Pleas, Case No. 14CR I
                             080394

JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      June 20, 2016


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

CAROL O'BRIEN                          JEFFREY UHRICH
Delaware County Prosecutor             P.O. Box 1977
BY: CORY GOE                           Westerville, OH  43086
140 N. Sandusky Street
Delaware, OH  43015

*Gwin, P.J.*

{¶1} Appellant Christina Bettis ["Bettis"] appeals her conviction and sentence after a bench trial in Delaware County Court of Common Pleas on one count of non-support a felony of the fourth degree in violation of R.C. 2929.12(B).

*Facts and procedural History*

{¶2} On May 13, 2015, Bettis filed a Motion to Dismiss, arguing that the case involved arrearages only and should be dismissed under Ohio law. In the Motion to Dismiss, Bettis recognized that this Court in *State v. Dissinger*, 5th Dist. Delaware No. 02CA-A-02-010, 2002-Ohio-5301, held that a non-support case could proceed on arrearage only case. However, counsel for Bettis argued that subsequent to the *Dissinger* decision, the Third District Court of Appeals issued a conflicting decision in *State v. Pittman*, 3rd Dist. Marion No. 9-13-65, 2014-Ohio-5001, holding that a defendant could not be prosecuted under R.C. 2919.21 for non-support of dependents when the case was on arrearage only[1]. Bettis advised the trial court that the *Pittman* case was accepted by the Supreme Court of Ohio as a certified conflict and is pending on appeal. *State v. Pittman,* 141 Ohio St.3d 1487, 2015-Ohio-842, 26 N.E.3d 823(Table)[2].

{¶3} On May 14, 2015, the parties entered into the following stipulation of facts prior to the commencement of a bench trial,

{¶4} 1. During the period of January 1, 2013 through June 30, 2014, in Delaware County, Ohio,

{¶5} 2. Christina G. Bettis is the mother of Chelsey Wiseman,

---

[1] In her brief Bettis mistaken refers to *Pittman* as having been decided by the "Second District Court of Appeals." Appellant's Brief at 1; 4; 5.

[2] The Supreme Court heard oral arguments in *Pittman* October 28, 2015.

{¶6}    3.    Chelsey Wiseman was born on November 30, 1997,

{¶7}    4.    Kimberly McKay was designated Temporary Residential and Custodial parent of Chelsey Wiseman on April 16, 2003,

{¶8}    5.    Christina G. Bettis was ordered to pay child support as established in Case No. 03040854 by the Delaware County Juvenile Court on February 26, 2004 with an effective date of April 8, 2003,

{¶9}    Christina G. Bettis failed to pay support as ordered and accumulated arrears of $2,470.77 owed to Kimberly McKay and $16,544.00 owed to Ohio Department of Job and Family Services.

{¶10}    7.    On November 1, 2012, the custodial order out of the dependency was terminated and Kimberly McKay was released from custodial obligations,

{¶11}    8.    Custody of Chelsey Wiseman automatically reverted back to Christina G. Bettis on November 1, 2012,

{¶12}    9.    Christina G. Bettis was ordered to pay $200/month to be paid toward the arrears owed to Kimberly McKay in Judgment entry dated December 3, 2012 in Case No, 03-04- 0854AD,

{¶13}    10.    Christina G. Bettis failed to make payments as established by court order as she missed payment 78 weeks out of 78 weeks,

{¶14}    11. And Christina G. Bettis has previously pleaded guilty to or been convicted of a felony level Nonsupport or Contributing to Nonsupport of Dependents pursuant to R.C. 2919.21 in Delaware County Common Pleas Court Case No. 07CRI-11-0669.

**{¶15}** At the outset of the Bench Trial, the state dismissed Count 1 of the Indictment and continued against Bettis on Count 2 on an arrearage only basis. T. at 7. The state provided the court with the agreed upon stipulation of facts along with State Exhibit 1, a certified copy from the Delaware County Child Support Enforcement Agency reflecting the arrearages owed, and State Exhibit 2, a certified copy of a Judgment Entry in Delaware County criminal Case no. 07CR-I-11-0669. T. at 8-9.

**{¶16}** Counsel for the Bettis submitted Defense Exhibit A, a certified copy of entry dated November 1, 2012 from the Delaware County Juvenile Court restoring custodial rights of the minor child to Bettis. T. at 9.

**{¶17}** On May 19, 2015, the trial court filed a judgment entry denying Bettis' Motion to Dismiss as untimely filed. Notwithstanding the issue of untimely filing, the trial court also stated that it was bound by the Fifth District decision in *Dissinger* that determined that child support arrearage cases could be prosecuted under R.C. 2919.21(B).

**{¶18}** The trial court also entered a finding of guilty against Bettis. In its decision, the trial court indicated that it agreed with the decision of the Third District Court of Appeals in *State v. Pittman*, 2014-Ohio-5001. However, the trial court again acknowledged that it was bound by the Fifth District Court of Appeals decision in the *Dissinger* case.

**{¶19}** On October 1, 2015, the trial court filed its Sentencing Entry pursuant to a hearing held on September 25, 2015. The trial court sentenced Bettis to one year of community control sanctions.

*Assignment of Error*

**{¶20}** Bettis raises one assignment of error,

**{¶21}** "I. UNDER OHIO LAW, A PERSON CANNOT BE PROSECUTED FOR NONSUPPORT UNDER R.C. 2919.21(B) IN A CASE INVOLVING 'ARREARAGES ONLY' IN SITUATIONS WHERE DEFENDANT IS PROVIDING SUPPORT TO AN UNEMANCIPATED CHILD AND RESIDING WITH THE UNEMANCIPATED CHILD DURING SAME TIME PERIOD IT IS ALLEGED THAT DEFENDANT FAILED TO MAKE PAYMENTS ON ARREARAGES."

*Law and Analysis*

**{¶22}** Based upon the legislature's definition of "child support order' under R.C. 3115.01(B), we find a support order includes an "arrearage only" order. Therefore, an arrearage only" order can be the basis of a prosecution under R.C. 2919.21. *State v. Dissinger,* 5th Dist. Delaware No. 02CA-A-02-010, 2002-Ohio-5301, ¶12.

**{¶23}** We adhere to our decision in *Dissinger* until the Ohio Supreme Court directs us otherwise.

**{¶24}** Bettis' sole assignment of error is overruled.

{¶25} The judgment of the Delaware County Court of Common Pleas, Delaware County, Ohio is affirmed.


By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur